UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DaMARCUS WRIGHT,

    Plaintiff,

v.                                    CAUSE NO. 3:21-CV-456 DRL-MGG

JORDAN IMLAY,

    Defendant.

OPINION AND ORDER

DaMarcus Wright, a prisoner without a lawyer, filed a complaint about an alleged use of excessive force that took place at Miami Correctional Facility. ECF 1. The court granted him leave to proceed *in forma pauperis* and assessed an initial partial filing fee. ECF 6. When no payment was received, the court ordered him to show cause why he has not paid the fee, and since then a payment has been made. ECF 7 and 8. The complaint is now ready to be screened.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Wright alleges that on March 17, 2021, Sergeant Jordan Imlay ordered him to lay on the floor to be put in restraints. Mr. Wright complied, but Sergeant Imlay shot him

with a pepperball anyway. Now Mr. Wright cannot feel his fingers, his back still hurts, and he has holes in this body from the shots.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, Mr. Wright alleges that he complied with Officer Imlay's orders but was shot anyway. This states a claim against Sergeant Imlay for excessive use of force in violation of the Eighth Amendment.

For these reasons, the court:

(1) GRANTS DaMarcus Wright leave to proceed against Sergeant Jordan Imlay in his individual capacity for compensatory and punitive damages for using excessive force by shooting him with a pepperball despite having complied with orders in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sergeant Jordan Imlay at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Jordan Imlay to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 21, 2021              *s/ Damon R. Leichty*
                                Judge, United States District Court